IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID P. MARTIN,

               Plaintiff,

     v.

CITY OF PORTLAND; MULTNOMAH
COUNTY; TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT OF OREGON
(TRIMET); PORTLAND WATER BUREAU;
ODS COMMUNITY DENTAL; MODA
HEALTH/HEALTH SHARE OF OREGON;
CAREOREGON; AG DAN RAYFIELD;
DIRECTOR SEJAL HATHI (OHA);
GOVERNOR TINA KOTEK; CHAIR
JESSICA VEGA PEDERSON; SHERIFF
NICOLE MORRISEY O'DONNELL;
DA NATHAN VASQUEZ; AMY DOE;
BECKY DOE; DR. MISHAUN SAHEBI;
DR. JEFFREY VAN ORMAN;
DR. SOOYEON SHIM; and DOES 1–10,

               Defendants.

Case No. 3:26-cv-00405-AB

OPINION & ORDER

1 – OPINION & ORDER

**BAGGIO, District Judge:**

Self-represented Plaintiff David P. Martin brings this case against various Defendants arising out of a dental emergency and various other matters.[1] *See* Am. Compl. 3–7, ECF No. 16. For the reasons below, the Court dismisses Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e) with leave to amend.

<b>STANDARDS</b>

**I.      Federal Rule of Civil Procedure 8**

To comply with Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each allegation "must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). In other words, Rule 8 requires that the pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**II.     28 U.S.C. § 1915**

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of

---

[1] All citations to the record refer to the PDF page number in the CM/ECF filing.

2 – OPINION & ORDER

answering" complaints that are "frivolous, malicious, or repetitive"). A complaint is frivolous

"where it lacks an arguable basis either in law or in fact." *Id.* at 325 ("[F]rivolous, when applied

to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual

allegation.").

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se

filings liberally . . . ." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a

self-represented litigant "'must be held to less stringent standards than formal pleadings drafted

by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A self-

represented litigant will be given leave to amend his or her complaint unless it is clear that the

deficiencies of the complaint cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d

245, 248 (9th Cir. 1995).

## DISCUSSION

The Court dismisses Plaintiff's Amended Complaint for failure to comply with Federal

Rule of Civil Procedure 8. "A pleading that states a claim for relief must contain . . . a short and

plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8.

Here, Plaintiff's Amended Complaint, addenda included, is 157 pages long and contains many

pages consisting of information that appear to be unrelated to Plaintiff's causes of action. For

example, Plaintiff attaches several documents to his Amended Complaint, including: (1) letters

sent to members of Oregon's congressional delegation, Am. Compl. 11–13; (2) a document

titled, "Grandmetrical Linguistical Analysis[,]" *id.* at 14; (3) a motion for leave to file

supplemental evidence in which Plaintiff discusses economic policies of the current presidential

administration, *id.* at 17–19; (4) a discussion of actions and demands relating to José Mejía Poot,

a nonparty, *id.* at 20–23; (5) a document titled "Celestial Zenith Intelligence Report[,]" *id.* at 25–

36; (6) documents titled, "JUR-933: Medical Emergency Law[,]" *id.* at 44, 104–05, 121–29; (7) documents titled, "Expanded Rooted Motion of the Universal Church[,]" *id.* at 55, 114; and (8) a document titled, "Omnibus Forensic Investigation[,]" *id.* at 72–80.

Plaintiff's multiple addenda and unclear system of organization in his Amended Complaint make it impossible for the Court to determine the essence of Plaintiff's claims for relief. *See Bechler v. Macaluso*, No. CV 08-3059-CL, 2008 WL 4145881, at *2 (D. Or. Sept. 8, 2008) ("[The plaintiff's complaint] is extremely difficult for the court, in view of the length, argument, immaterial material and repetition, to determine the essence of plaintiffs' claims for relief . . . as presently drafted, [the complaint] does not comply with Rules 8 and 9."). Additionally, courts have routinely dismissed pleadings for their length. *See, e.g.*, *Bong v. Brown*, No. 6:23-CV-00417-MTK, 2025 WL 1279378, at *2 (D. Or. May 2, 2025) ("Plaintiff's [Second Amended Complaint] is 236 pages and contains 1,394 paragraphs . . . it exceeds the length and scope of Plaintiff's [First Amended Complaint] despite the Court's instruction that the [First Amended Complaint] violated Rule 8(a)."); *Bechler*, 2008 WL 4145881, at *2–3 ("The court, in the interest of judicial economy, declines the task of working through the 110–page complaint . . . ."). For these reasons, the Court finds that navigating through Plaintiff's Amended Complaint further would impose an "unfair burden[] on litigants and judges," *see McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996), and must be dismissed under Rule 8.

The Court also notes that much of Plaintiff's operative pleading contains the same set of facts as those in his related case, which the Court dismissed without prejudice on April 24, 2026. *See Martin v. ODS Cmty. Dental et al. ("Martin I")*, Case No. 3:26-cv-298-AB. Indeed, in filing his Amended Complaint, Plaintiff added most of the Defendants from his related case to this matter, including ODS Community Dental, Moda Health, and CareOregon ("the Dental

4 – OPINION & ORDER

Defendants"). *See* Am. Compl. 4. If Plaintiff files a second amended complaint with claims against the Dental Defendants, the Court advises Plaintiff to review the pleading deficiencies that the Court noted in its April 24, 2026, Opinion & Order in his related case. *See Martin I*, ECF No. 38.

While Plaintiff brings this action against other Defendants that are not parties in Plaintiff's related case, the Court dismisses Plaintiff's remaining claims against those Defendants because Plaintiff failed to follow Judge Armistead's prior instructions that "[Plaintiff's] amended complaint should contain *specific details* about which defendants engaged in *specific actions* related to each claim." Order 3 (emphasis added), ECF No. 14. To the extent that Plaintiff does identify specific actions, the Court has concerns that Plaintiff lacks standing to bring many of his claims related to those alleged actions. *See, e.g.*, Am. Compl. 4 ("[Defendant] Vega Pederson is sued in her official capacity for executive responsibility over county infrastructure, 10 jail deaths in 22 months, and healthcare access failures for county residents."); *id.* ("[Defendant] Vasquez is sued . . . for prosecuting 915 cases without ensuring defendants had counsel . . . .").

The Court grants Plaintiff leave to file a second amended complaint. In granting Plaintiff leave to amend, the Court warns Plaintiff that his second amended complaint must comply with Rule 8, all orders filed in this case, and the Court's orders in Plaintiff's related case. If Plaintiff's second amended complaint fails to comply with Rule 8 or any of the Court's prior orders, the Court will dismiss this case without prejudice and without further leave to amend.

///

///

///

///

5 – OPINION & ORDER

## CONCLUSION

The Court DISMISSES Plaintiff's Amended Complaint [16] with leave to amend. Plaintiff shall file a second amended complaint in this case by May 25, 2026. Failure to file a second amended complaint by this date will result in dismissal of this case without prejudice. Failure to file a second amended complaint that complies with Rule 8 or the Court's orders will result in dismissal of this case without prejudice.

IT IS SO ORDERED.

DATED this 24th day of April, 2026.

AMY M. BAGGIO
United States District Judge