IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID P. MARTIN,

        Plaintiff,

        v.

CITY OF PORTLAND; MULTNOMAH
COUNTY; TRIMET; PORTLAND WATER
BUREAU; AG DAN RAYFIELD; OHA DIR.
SEJAL HATHI; GOV. TINA KOTEK; CHAIR
JESSICA VEGA PEDERSON; SHERIFF
NICOLE O'DONNELL; DA NATHAN
VASQUEZ; ODS COMMUNITY DENTAL;
MODA HEALTH/HEALTH SHARE;
CAREOREGON; and DOES 1–10,

        Defendants.

Case No. 3:26-cv-00405-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Self-represented Plaintiff David P. Martin brings this case against thirteen named

Defendants.[1] *See* Second Am. Compl. ("SAC"), ECF No. 29. The Court dismissed Plaintiff's

---

[1] All citations to Plaintiff's filings refer to the PDF page number in the CM/ECF filing. After filing his Second Amended Complaint, Plaintiff filed a "Motion for Leave to File Second Amended Complaint" on May 4, 2026. Pl.'s Mot. Leave File SAC, ECF No. 30. But on review of Plaintiff's Motion and the attached amended pleading, the Court finds that this filing was

1 – OPINION & ORDER

prior pleading with leave to file a second amended complaint by May 25, 2026. Opinion & Order ("O&O"), ECF No. 27. Plaintiff filed a Second Amended Complaint on April 28, 2026. SAC at 8. For the reasons below, the Court finds that Plaintiff's operative pleading fails to comply with the Court's prior instructions and dismisses Plaintiff's Second Amended Complaint without leave to amend.

## BACKGROUND

Plaintiff commenced this action on March 3, 2026, against Defendants City of Portland, Multnomah County, TriMet, and the Administrative Office of the United States Courts. *See* Compl. at 7–10, ECF No. 1. This case was originally assigned to Magistrate Judge Jeff Armistead. Notice of Case Assignment, ECF No. 9. On March 31, 2026, Plaintiff filed a First Amended Complaint in which Plaintiff added—among others—Defendants ODS Community Dental, Moda Health/Health Share of Oregon, and CareOregon. First Am. Compl. at 1, ECF No. 16. Many of these newly-added Defendants were also defendants in Plaintiff's related case, *Martin v. ODS Community Dental et al.*, No. 3:26-cv-298-AB. Accordingly, this matter was transferred from Judge Armistead to this Court. *See* Notice of Case Reassignment, ECF No. 19; *see also* Order ("[T]he Court finds that this case is a related case and will preside over this action in the interest of judicial efficiency."), ECF No. 24.

On April 24, 2026, the Court dismissed Plaintiff's First Amended Complaint with leave to amend. *See* O&O 3–5. In its Opinion & Order, the Court instructed Plaintiff to "comply with Rule 8, all orders filed in this case, and the Court's orders in Plaintiff's related case." *Id.* at 5. The Court warned that "[i]f Plaintiff's second amended complaint fails to comply with Rule 8 or

---

intended for a different case. *See id.* at 5 (Plaintiff's proposed pleading refers to one of Plaintiff's other open cases, *Martin v. Department of Government Efficiency*, No. 3:26-cv-741-AR).

2 – OPINION & ORDER

any of the Court's prior orders, the Court will dismiss this case without prejudice and without further leave to amend." *Id.* The Court gave Plaintiff thirty days to file an amended pleading, *id.* at 6, yet Plaintiff filed his Second Amended Complaint four days later. *See* SAC at 8.

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints that are "frivolous, malicious, or repetitive"). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Id.* at 325 ("[F]rivolous, when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

As the Ninth Circuit has instructed, however, courts must "continue to construe pro se filings liberally . . . ." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "'must be held to less stringent standards than formal pleadings drafted by lawyers . . . .'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A self-represented litigant will be given leave to amend their complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

///

///

3 – OPINION & ORDER

## DISCUSSION

The Court dismisses Plaintiff's Second Amended Complaint because of Plaintiff's continued failure to comply with the Court's prior instructions.

First, as a general matter, Plaintiff's Second Amended Complaint is incomprehensible. Many sentences appear to be fragmented or confusingly written. *See, e.g.*, SAC at 3 ("From 2020-March 2023, unauthorized composites on 8 incisors created 4–5° occlusal plane shift—tooth #5 catastrophic failure. CBCT scan (Jan. 21, 2026): 15–20mm infected bone lesion with oral-antral communication—pathway to brain via trigeminal nerve. Life-threatening emergency."). Additionally, as illustrated by the preceding example, Plaintiff's allegations are rarely attributable to any Defendant, which makes it unclear what Defendants did to harm Plaintiff.[2] The Court therefore finds that Plaintiff's Second Amended Complaint fails to follow Judge Armistead's prior instructions that "[Plaintiff's] amended complaint should contain *specific details* about which defendants engaged in *specific actions* related to each claim." Order 3 (emphasis added), ECF No. 14; *see also* O&O 5 ("[T]he Court warns Plaintiff that his second amended complaint must comply with Rule 8, all orders filed in this case, and the Court's orders in Plaintiff's related case."). Accordingly, Plaintiff's Second Amended Complaint must be dismissed.

The Court also finds that Plaintiff's Second Amended Complaint is devoid of allegations with respect to Claims One ("Road Infrastructure"), Two ("ADA Violations"), Four ("Housing

---

[2] Plaintiff also dedicates a significant amount of space in his Second Amended Complaint to express his disapproval of related proceedings. *See* SAC at 1–2 (challenging the Court's denial of a motion for temporary restraining order in the related case, *Martin v. ODS Community Dental*, No. 3:26-cv-298); *id.* at 2–3 (challenging the handling of an Oregon Health Authority hearing held on April 21, 2026). These allegations appear to be unrelated to any of Plaintiff's seven claims.

4 – OPINION & ORDER

& Water"), Five ("Transit Discrimination"), Six ("Systemic Infrastructure"), and Seven ("Service Animal"). SAC at 4. While Plaintiff writes two paragraphs under a section titled "Factual Allegations—Systemic Failure[,]" *id.* at 3, the Court finds that these factual allegations relate to a denial of dental surgery, but not to any of the claims cited above. As stated in the Court's prior orders, Plaintiff must state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* O&O 2 (explaining that "[a] complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). In other words, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Because Plaintiff fails to support his first, second, fourth, fifth, sixth, and seventh claims with any factual matter, the Court finds that these claims must be dismissed on these separate grounds.

Finally, the Court also finds that Plaintiff cannot proceed with his False Claims Act ("FCA") claim for many of the reasons described above and because "a *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States . . . ." *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007)*; see also Hendow v. Univ. of Phoenix*, 296 F. App'x 587, 588 (9th Cir. 2008) ("As a pro se litigant, [the plaintiff] is barred from prosecuting a *qui tam* action as a relator."). Because Plaintiff is proceeding as a self-represented litigant, he may not proceed with his *qui tam* action as a relator. Even if Plaintiff were allowed to proceed with his FCA claim, Plaintiff fails to meet the heightened pleading requirements of Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the

5 – OPINION & ORDER

circumstances constituting fraud or mistake."); *see also Parker v. Sea-Mar Cmty. Health Ctr.*, 853 F. App'x 197, 198 (9th Cir. 2021) ("As [FCA] lawsuits sound in fraud, the complaint must satisfy Federal Rule of Civil Procedure 9(b).").

Because of Plaintiff's continued failure to heed the Court's instructions, the Court finds it appropriate to dismiss Plaintiff's Second Amended Complaint without prejudice and without leave to amend. *See* Fed. R. Civ. P. 41(b) (providing for dismissal "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order"). "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility . . . or where the amended complaint would also be subject to dismissal . . . ." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). "A proposed amendment is futile if the plaintiff could not allege a set of facts that would constitute a claim or defense." *Yentz v. Nat'l Credit Adjusters, LLC*, No. 3:20-CV-01364-AC, 2021 WL 1277961, at *2 (D. Or. Feb. 15, 2021), *report and recommendation adopted*, 2021 WL 1270457 (D. Or. Apr. 6, 2021).

Here, the Court has repeatedly informed Plaintiff of his various pleading deficiencies and how to cure them. *See* O&O at 3–5. Even though Plaintiff has had many opportunities to address his pleading deficiencies, Plaintiff has consistently disregarded the Court's instructions. *See Webb v. Dep't of Hum. Servs.*, No. 6:23-CV-00647-AA, 2023 WL 5350651, at *2 (D. Or. Aug. 21, 2023) ("The Amended Complaint does little to fix the problems of the original Complaint. . . . The Court has previously given Plaintiff leave to amend with instructions on how to state a claim. The Court concludes that it would be futile to allow further leave to amend and so dismissal shall be without prejudice but without leave to amend."). The Court finds that

6 – OPINION & ORDER

allowing further leave to amend would be futile and therefore dismisses Plaintiff's Second Amended Complaint without leave to amend.

## CONCLUSION

The Court DISMISSES Plaintiff's Second Amended Complaint [29] without leave to amend. Pending motions are DENIED as moot.

IT IS SO ORDERED.

DATED this __3rd__ day of June, 2026.

AMY M. BAGGIO
United States District Judge

7 – OPINION & ORDER